# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 23, 2009

138296

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

CECIL RAY THORNTON,
      Defendant-Appellant.

_____/

SC: 138296
COA: 288897
Genesee CC: 07-020153-FC

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

On order of the Court, the application for leave to appeal the December 30, 2008 order of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE the sentence of the Genesee Circuit Court and REMAND this case to that court for resentencing. On remand, the trial court shall sentence the defendant within the appropriate sentencing guidelines range, or articulate on the record why this particular degree of departure is warranted, in accordance with *People v Smith*, 482 Mich 292, 318 (2008).

We do not retain jurisdiction.

CORRIGAN, J. (*concurring in result*).

Although I dissented in *People v Smith,* 482 Mich 292 (2008), I concur in the Court's decision to remand for resentencing. I conclude that resentencing is called for in this case for the fundamental reason that, in imposing a sentence that departs from the sentencing guidelines, the sentencing judge did not articulate her reasons with enough specificity "to allow for effective appellate review." *People v Babcock,* 469 Mich 247, 259 n 13 (2003) ("[H]owever it is articulated, the quality of the trial court's statement must be sufficient to allow for effective appellate review."). For example, the sentencing judge observed that defendant lied to the court. His perjury may well constitute a substantial and compelling reason to depart. But because the judge did not describe the nature of the perjury or its effects on the underlying proceedings, we are unable to meaningfully evaluate whether her reasons were sufficient to support a departure.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 23, 2009

_____
                  Clerk

p0616